12. CORPORATIONS, § 83*—*when consent of minority stockholder not necessary to increase of capital stock.* The consent of a stockholder owning a small minority of the stock is not necessary in order to enable a stockholder owning a large majority of the stock to increase the capitalization, although such minority stockholder received no additional shares when the capitalization was increased, and although such majority stockholder received a large number of additional shares, where it appears that all minority stockholders. were treated alike, and the evidence shows that such majority stockholder had conveyed valuable property to the corporation in return for the additional stock received by him.

13. SPECIFIC PERFORMANCE, § 91*—*when evidence sufficient to show that judgment not used as contemplated in contract.* In a bill to compel the delivery of shares of particular stock under a contract whereby complainant assigned to defendant a judgment and provided that if defendant used the judgment as provided by the contract defendant should deliver complainant a named number of the shares of such stock, but otherwise should reassign the judgment to complainant, evidence *held* to show that defendant did not use the judgment as provided in the contract.

14. SPECIFIC PERFORMANCE, § 93*—*when reassignment of judgment properly decreed.* In a bill based on a contract which provided that complainant should assign to defendant a judgment, which, if used by defendant in a manner provided by the contract, should be paid for as provided therein, and, if not so used, should be reassigned to complainant, a decree that defendant reassign such judgment to complainant, *held* proper, where it appeared from the evidence that the judgment was not used by defendant as contemplated by the parties.

## Chicago & Alton Railroad Company, Appellant, v. Woolner Distilling Company, Appellee.

### Gen. No. 6,124.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed November 5, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by the Chicago & Alton Railroad Company, plaintiff, against the Woolner Distilling Company, defendant, in the Circuit Court of Peoria county, to recover for demurrage. From a judgment for defendant, plaintiff appeals.

This is one of six suits brought by six railroads against the appellee, Woolner Distilling Company, for demurrage. Two of the suits have before reached this court, and are reported as *Woolner Distilling Co. v. Peoria & E. Ry. Co.*, 136 Ill. App. 479, and *Chicago, P. & St. L. Ry. Co. v. Woolner Distilling Co.*, 160 Ill. App. 192. The present case, with four of the others, was referred to a referee by an order of court, to find and report the facts, and with power to take evidence, which should be reported with conclusions of fact therefrom. The referee reported in accordance with the order, in part based on evidence heard and in part on an agreement of the parties, in which report was included a finding as follows: "I further find from the evidence that the defendant detained cars on which plaintiff is entitled to claim demurrage as set out in 'Schedule A,' and made a part hereof, the total number of days' detention being 2,985 days.

"I further find from the evidence that the total number of cars for the Woolner Distilling Company standing each day in the Kickapoo Tracks waiting unloading from March 30, 1904, to March 23, 1905, are as set out in 'Schedule B' hereto attached and made a part of this report, the data for Schedule 'B' being said 'Exhibit 39B.' "

The court overruled exceptions to the report, and the cause was tried by jury, in which uncontroverted evidence was introduced by the plaintiff that there was a customary and usual charge for holding cars longer than "free time" of one dollar a day excluding holidays and Sundays. Then the plaintiff offered the

referee's report with the schedules made a part of it, as showing the amount of time of delay on each of the cars, and the number of days that the cars in question were detained by the defendant. The defendant objected on the ground that the report is a part of the pleadings in the case, and that the findings of the referee are not proof of the acts in the case. The court sustained the objection, stating as a reason: "It is conceded by both plaintiff and defendant in this case and statements in open court to the jury were made, both on behalf of the plaintiff as well as the defendant, that there would be no dispute as to the time of shipment of the various cars carrying coal from Springfield and elsewhere to Wesley City or the City of Peoria the time of the arrival of the cars carrying coal either to Wesley City or Kickapoo Yards in the City of Peoria, or the time the cars were, in fact, delivered to the defendant company at its plant at Peoria." Then plaintiff introduced in evidence a schedule that was part of the report and suggested that the heading of the page reading "Time for which plaintiff is entitled to charge demurrage" be eliminated, and defendant's counsel said they would not object and stated that they would agree that Exhibit 39B is a true history of the cars as disclosed by the books of the railroad company, and by the defendant's books. Then other schedules and parts of the report were offered separately by the plaintiff, and the court sustained objections to their introduction on the ground that it was not a matter for the jury to pass upon. The plaintiff introduced evidence of admissions by the manager of the defendant that there was something due the plaintiff for demurrage charges, and rested. The defendant then offered evidence tending to account for the delay in unloading cars, attributing such delay to the nonaction and misconduct of the plaintiff.

The jury found for defendant and the court overruled a motion by plaintiff for a new trial.

Frank T. Miller and John M. Elliott, for appellant; Stevens, Miller & Elliott and Silas H. Strawn, of counsel.

Weil & Bartley and Quinn & Quinn, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Carriers, § 211*—*when evidence insufficient to sustain finding that nothing due for demurrage.* In an action to recover for demurrage by reason of unreasonable delay in unloading freight cars, evidence *held,* when read as an entirety, not to warrant the conclusion that nothing was due from defendant to plaintiff.

2. New trial, § 52*—*when verdict should be set aside as against evidence.* In an action where the evidence shows that plaintiff is entitled to recover for some amount, it is error to deny a motion for a new trial after a verdict for defendant.

3. Appeal and error, § 783*—*when failure of judge to attach certificate to additional bill of exceptions fatal.* The Appellate Court will not consider on review questions presented in an additional bill of exceptions not certified to by the judge of the court appealed from.

---

## C. Hacker Company, Appellant, v. City of Joliet et al., Appellees.

### Gen. No. 6,129.

1. Stipulations, § 16*—*when stipulation construed as providing for final judgment whether injury to land by vacation of street actionable.* In an action to recover compensation for depreciation in the value of land due to the vacation of part of a street in the neighborhood, where after testimony had been introduced as to the amount of such depreciation parties agreed that the court should determine first whether plaintiff could recover on the evidence introduced, and, if the court so held, further evidence of depreciation

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.